UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

MICHAEL YANNOTTI,

                Petitioner,

     - against -

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------- X



**OPINION AND ORDER**

10 Civ. 2546 (SAS)

04 CR 690 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

Michael Yannotti ("Petitioner" or "Yannotti") moves to vacate, set aside, or correct his sentence under section 2255 of Title 28 of the United States Code ("section 2255").[1] Petitioner challenges his sentence on the ground that he was denied effective assistance of counsel. In particular, Yannotti asserts that he was unconstitutionally denied the effective assistance of counsel because his attorney: (1) erroneously believed that Yannotti could not be convicted of conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on predicate acts for which he was not named as a participant in the S1 Superseding Indictment (the "Indictment"); and, as a result, (2) contested

---

[1] *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed March 22, 2010 ("Pet. Mot.").

1

only evidence relating to racketeering acts in which Yannotti was named as a participant and ignored the remainder of the racketeering evidence at trial.[2] For the reasons stated below, Yannotti's motion is denied.

## II. BACKGROUND

### A. The Offense Conduct

On June 6, 2005, the Indictment was filed against Yannotti and three co-defendants. The Indictment charged him with the following four counts: (1) engaging in the affairs of the Gambino Organized Crime Family — a substantive RICO violation — in violation of section 1962(c) of Title 18 of the United States Code (Count One); (2) conspiring to participate in the affairs of the same enterprise in violation of section 1962(d) of Title 18 of the United States Code ("section 1962(d)") (Count Two); (3) the murder of Robert Arena in aid of racketeering in violation of section 1959(a)(1) and (2) of Title 18 of the United States Code (Count Nine); and (4) the murder of Thomas Maranga in aid of racketeering in violation of section 1959(a)(1) and (2) of Title 18 of the United States Code (Count Ten).[3] The substantive RICO violation and RICO conspiracy charge against Yannotti were

---

[2]   *See* Memorandum of Law in Support of Michael Yannotti's Motion Pursuant to 28 U.S.C. § 2255 ("Pet. Mem.") at 1.

[3]   *See* Indictment ¶¶ 1-15, 19, 23, 26, 40 & 42. The original Indictment, which was filed on July 21, 2004, also charged Yannotti with the substantive RICO violation and RICO conspiracy included in the S1 Superseding Indictment.

based on the following four predicate acts: (1) conspiring to kidnap and murder, the kidnapping, and the attempted murder of Curtis Sliwa (Racketeering Act One);[4] (2) conspiring to murder Arena, and the murders of Arena and Maranga (Racketeering Act Two);[5] (3) the attempted murder of Robert Tarantola (Racketeering Act Six);[6] and (4) financing extortionate extensions of credit, conspiring to make extortionate extensions of credit, and conspiring to collect extensions of credit through extortionate means ("loansharking") from 1993 until 2002 (Racketeering Act Ten).[7] The Indictment did not charge Yannotti with participating in the following predicate acts: conspiracy to murder and the murder of Edward Garofalo (Racketeering Act Three); conspiracy to murder and the attempted murder of Victim #1 (Racketeering Act Four); conspiracy to murder and the attempted murder of Victim #2 (Racketeering Act Five); conspiracy to commit securities fraud (Racketeering Act Seven); conspiracy to commit extortion in the construction industry (Racketeering Act Eight); or loansharking from 1991 until 2002 (Racketeering Act Nine).[8]

---

[4] *See id.* at ¶ 14.

[5] *See id.* at ¶ 15.

[6] *See id.* at ¶ 19.

[7] *See id.* at ¶ 23.

[8] *See id.* at ¶¶ 20-21.

After a lengthy trial, the jury convicted Petitioner of the RICO conspiracy charge, acquitted him of the two murder charges, and failed to reach a verdict on the substantive RICO violation. "After reviewing the Verdict Sheet, [this Court] informed the parties that the jury had not checked guilty or not guilty on Count One as to any defendant because it had not unanimously found that the Government proved two predicate acts against any defendant."[9] The jury hung as to part of Racketeering Act One — conspiracy to kidnap and kidnapping — and found the remainder of Racketeering Act One — the Sliwa attempted murder allegation — not proved. The jury also found not proved Racketeering Acts Two and Six. The jury found that Racketeering Act Ten — the loansharking acts — was proved. This Court sought the views of the parties as to whether this constituted an acquittal on Count One or a hung jury.[10] Petitioner "agreed to accept a mistrial on the deadlocked count, reserving his right to move for a judgment of acquittal in a post-trial motion."[11]

Yannotti moved for a judgment of acquittal on both the RICO substantive count and the RICO conspiracy count. On December 30, 2005, the

---

[9] *United States v. Yannotti*, 415 F. Supp. 2d 280, 283 (S.D.N.Y. 2005).

[10] *See id.*

[11] *Id.* (citing Trial Transcript ("Tr.") at 5315).

Court granted his motion for a judgment of acquittal on the substantive RICO Count finding that there was no evidence that he "engaged in loansharking during the limitations period."[12] This Court rejected Yannotti's argument that he was entitled to a judgment of acquittal on the RICO conspiracy charge based on the substantial evidence that the conspiracy to commit securities fraud and extortion in the construction industry extended well into the limitations period, and the lack of evidence that Petitioner withdrew from the conspiracy.[13] Yannotti argued that "if the evidence shows that he neither committed a charged predicate act within the five-year limitations period nor that he agreed to participate in the enterprise's affairs through the particular pattern of racketeering activity charged in the Indictment during that period, then the statute of limitations" has not been satisfied.[14] This Court rejected this argument, asserting that the agreement prohibited by section 1962(d) is conspiracy to participate in a charged enterprise's affairs, not conspiracy to commit predicate acts.[15] The Government had proven

---

[12]    *Id.* at 291. The RICO statute prescribes a five-year statute of limitations. *See* 18 U.S.C. § 3282 ("[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed.").

[13]    *See id.* at 292.

[14]    *Id.*

[15]    *See id.*

beyond a reasonable doubt that Yannotti was a member of the Gambino Organized Crime Family[16] and that the activities of that criminal enterprise continued well into the limitations period.[17] Specifically, "there was substantial evidence that the conspiracy to commit extortion in the construction industry and the conspiracy to commit securities fraud extended well into the limitations period."[18] Petitioner was held responsible for those activities as there was no evidence that he withdrew from the enterprise.[19] On July 24, 2006, Petitioner's motion for reconsideration of this ruling was denied.[20]

### B. Procedural History

Yannotti appealed his RICO conspiracy conviction and his 240 month sentence, arguing that "the evidence was not legally sufficient to establish his

---

[16] The Government's evidence showed that Yannotti was formally inducted as a "soldier" into the Gambino Organized Crime Family at a ceremony in which inductees pledged themselves to use any means necessary to further the objectives of the enterprise. *See United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008).

[17] *See Yannotti*, 415 F. Supp. 2d at 292.

[18] *Id.*

[19] *See id.* The government offered evidence at trial that Yannotti continued to meet with and have telephonic contact with other associates of the Gambino family well after July 1999. *See* Tr. at 3911-14, 4138-39.

[20] *See United States v. Yannotti*, 457 F. Supp. 2d 385, 393 (S.D.N.Y. 2006).

conviction for RICO conspiracy."[21]  The Second Circuit asserted that "a conspirator need not be fully informed about his co-conspirators' specific criminal acts provided that he agreed to participate in the broader criminal conspiracy and the acts evincing participation were not outside of the scope of the illegal agreement."[22]  Consequently, "the fact that the [G]overnment did not prove Yannotti's specific knowledge of or participation in each predicate act conducted by other members of the Gambino Family does not undermine the sufficiency of the evidence establishing his conviction."[23]  Furthermore, the Second Circuit concluded that any failure of the Government to prove a specific agreement by Yannotti to commit predicate acts within the limitations period does not undermine his conviction.  A defendant "remains liable for RICO conspiracy unless the evidence shows that the conspiracy concluded or he withdrew from that conspiracy more than five years before the indictment."[24]  On September 4, 2008, the Second Circuit affirmed Petitioner's RICO conspiracy conviction, finding that the evidence permitted a reasonable jury to conclude that the securities fraud and construction extortion conspiracies "fell within the broad pattern of racketeering activity

---

[21] *Yannotti*, 541 F.3d at 120.

[22] *Id.* at 122.

[23] *Id.*

[24] *Id.* at 123.

7

through which Yannotti agreed he and others would conduct the affairs of the enterprise."[25]  Furthermore, the Second Circuit found that the Government had proved the existence of these predicate acts within the limitations period.[26]  On March 23, 2009, the Supreme Court denied Yannotti's petition for a writ of certiorari.  Petitioner's section 2255 motion was filed on March 22, 2010.

### III.  APPLICABLE LAW

Section 2255 permits a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence.  A properly filed motion under section 2255 must allege that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[27]  Accordingly, collateral relief under section 2255 is permitted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete

---

[25] *Id.*

[26] *See id.*

[27] *See* 28 U.S.C. § 2255.

8

miscarriage of justice.'"[28] A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[29]

When analyzing a claim that counsel's performance did not meet constitutional standards, "judicial scrutiny of counsel's performance must be highly deferential."[30] The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[31] "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[32] Constitutionally inadequate performance may be established if a habeas petitioner

---

[28] *Cuoco v. United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[29] *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984).

[30] *Id.* at 689.

[31] *Id.*

[32] *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

9

"shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[33] Nonetheless, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] [p]etitioner [i]s entitled."[34] Finally, even if an attorney's performance was objectively unreasonable and unprofessional, a petitioner must still prove prejudice.[35] There is, however, a presumption of prejudice when "counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing."[36] For this exception to apply, the attorney's failure "must be complete."[37]

## IV. DISCUSSION

### A. Counsel's Performance

Yannotti asserts that he was unconstitutionally denied the effective assistance of counsel because his trial and appellate counsel, Diarmuid White, did not understand that he could be convicted of RICO conspiracy based on predicate

---

[33] *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000).

[34] *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (quotation marks and citations omitted).

[35] *See Strickland*, 466 U.S. at 687.

[36] *United States v. Cronic*, 466 U.S. 648, 659 (1984) (emphasis added).

[37] *Bell v. Cone*, 535 U.S. 685, 697 (2002).

acts for which he was not named as a participant in the Indictment and in which he did not participate. In support of this allegation, Yannotti submitted an affirmation from White confirming his misunderstanding of the law.[38] White asserts that due to his misunderstanding, he did not defend against the securities fraud and construction industry extortion charges.[39] Petitioner claims that had his attorney defended against the securities fraud and construction industry extortion charges, "it is all but certain that [he] could have successfully neutralized these charges . . . given his skillful handling of the other charges in the case . . . ."[40] Yannotti requests that this Court vacate his sentence and order a new trial due to his attorney's ineffective assistance.

At trial, White did not cross-examine the following relevant witnesses with respect to the securities fraud and construction industry extortion predicate acts: Joseph Quattrochi regarding the securities fraud, Frank Fappiano regarding the construction industry extortion, and Michael DiLeonardo and Joseph D'Angelo

---

[38] *See* Affirmation of Diarmuid White, Esq. ("Affirmation"), Ex. C to Pet. Mot., at 1.

[39] *See id.*

[40] Pet. Mem. at 30. Petitioner also objects to counsel's handling of the evidence with respect to the predicate loansharking act. This Court need not address this argument as the securities fraud and construction industry extortion conspiracies are the predicate acts which the Second Circuit relied upon in affirming Yannotti's RICO conspiracy conviction. *See Yannotti*, 541 F.3d at 123.

regarding both the securities fraud and the construction industry extortion. In light of the extensive cross-examination about the securities fraud and construction industry extortion schemes by co-defendants' counsel, it may not have been an unreasonable strategic choice for White to avoid cross-examination on these topics. Such cross-examination could have been unnecessary and counterproductive, and could have risked confusing the jury about Yannotti's involvement. Here, however, counsel does not assert that he refrained from additional probing for a strategic reason, but rather admits that he did not defend against the securities fraud and construction industry extortion acts as a result of his erroneous understanding of the law.[41] Furthermore, Petitioner also claims that counsel failed to obtain a Special Verdict Sheet and pursue alternative theories of defense with respect to the RICO conspiracy charge.[42] This Court need not determine whether counsel's choices fell below an objective standard of reasonableness because Petitioner is unable to show that he was prejudiced by White's alleged errors.

### B.     Prejudice

Yannotti argues that given counsel's skillful handling of the other charges in the case, it is "all but certain" that he would have successfully

---

[41]     *See* Affirmation at 1.

[42]     *See* Pet. Mem. at 28.

neutralized the RICO conspiracy charge had he correctly understood the applicable law.[43] Merely highlighting counsel's success defending against related charges, however, does not prove that had counsel correctly understood the law involving RICO conspiracy, he likely would have had similar success with these charges. The remainder of Yannotti's argument alleging prejudice is based on speculation and a misunderstanding of the law. He speculates as to what his counsel might have shown with respect to these two charges if he had a proper grasp of the law, all of which he claims would have led to a different result at trial. He also misstates the showing the Government was required to make to support the RICO conspiracy conviction. Yannotti argues that counsel "could have mounted a powerful argument that the jury should not infer from Yannotti's membership in the [e]nterprise that he agreed that others would engage in securities fraud [or] that he was aware that it had occurred."[44] Petitioner also argues that "given the utter lack of evidence that [he] had participated in or agreed that anyone else would participate in construction industry extortion . . . [c]ounsel could have laid a strong foundation upon which to persuade the jury that it should not convict [him] on the

---

[43] *Id.* at 30.

[44] *Id.* at 29.

basis of that predicate act."[45] However, this Court and the Second Circuit have already established that the jury was not required to find that Yannotti participated in, agreed to, or was even aware of, the securities fraud and construction industry extortion conspiracies to find Yannotti guilty of RICO conspiracy based on these two predicate acts.

Moreover, Petitioner's claim that if White had correctly understood the law, he would have successfully shown that neither the securities fraud nor the construction extortion were foreseeable acts is purely speculative. Contrary to Petitioner's assertion, the fact that members of the enterprise routinely attempted to conceal their criminal activity from one another does not mean that such criminal activity was not foreseeable. Consequently, such an argument was not reasonably likely to succeed. Similarly speculative is Yannotti's claim that there is a reasonable probability that his attorney would have been successful if he argued that Petitioner had ceased to be involved in the enterprise for more than five years before the Indictment. Once the Government met its burden of proof in establishing a RICO conspiracy, it was entitled to the presumption that the conspiracy was ongoing, absent affirmative evidence to the contrary.[46] Yannotti

---

[45] *Id.*

[46] *See Yannotti*, 541 F.3d at 123.

14

claims that his attorney could have successfully argued that once his affiliates were incarcerated, he constructively withdrew from the enterprise. However, he does not provide any evidence in support of this conclusion.

Petitioner also suggests that he was prejudiced by counsel's failure to request a Special Verdict Sheet for the RICO conspiracy charge in order to demonstrate that "the [G]overnment had failed to present evidence that there were two predicate acts upon which to base a conviction."[47] Yannotti fears that the jury did not comprehend that two predicate acts must be proven in order for him to be found guilty of RICO conspiracy and that he was "convicted on an improper basis" as a result.[48] This assertion is unfounded as the jury was properly instructed on the law of RICO conspiracy.[49] Lastly, Petitioner argues that prejudice should be presumed because his attorney failed to oppose the prosecution on certain issues. But, he also extols counsel's performance as to significant portions of the proceeding against him, noting that counsel's assistance led to his acquittal of two murder charges and a substantive RICO charge. The failure of Yannotti's attorney

---

[47] Pet. Mem. at 31.

[48] *Id.*

[49] *See* Jury Charge at 83 ("The [G]overnment must prove that the defendant you are considering participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of *two* racketeering acts charged in Count One.") (emphasis added).

15

to challenge certain aspects of the prosecution's case, while successfully challenging others, does not give rise to a presumption of prejudice.[50] Consequently, Petitioner fails to show that he was prejudiced by his attorney's alleged ineffective assistance.

## V.   CONCLUSION

For the foregoing reasons, Yannotti's section 2255 motion is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[51] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[52] Petitioner's trial and appellate attorney has admitted that he was unaware that a defendant could be convicted of RICO conspiracy even though that

---

[50]   *See Bell*, 535 U.S. at 697.

[51]   28 U.S.C. § 2253(c)(2).

[52]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

defendant was not identified as a participant in the only two predicate acts that occurred within the five-year limitations period. The issue presented in this motion is whether the assistance from an attorney who admits such ignorance can be constitutionally adequate. Specifically, counsel concedes that he did not challenge the Government's evidence of these two acts as his client was not named in either. This issue appears to be one of first impression. Because there is no precedent on point, it is possible that reasonable jurists could resolve this issue differently. I therefore grant a COA with regard to the following issue – whether an attorney who was unaware that his client could be convicted of RICO conspiracy on the basis of two timely predicate acts in which the client was neither identified as a participant nor personally involved provided constitutionally ineffective assistance during the client's trial and/or appeal, thereby requiring that a new trial be granted. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 11, 2011

**-Appearances-**

**For Petitioner:**

Seth Ginsberg, Esq.
Law Office of Seth Ginsberg
225 Broadway, Suite 715
New York, NY 10007
(212) 537-9202

**For Respondent:**

Brian R. Blais
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637- 2521